IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| YOUNG CHANG LEE,<br><br>    Plaintiff,<br><br>v.<br><br>HANIL E-HWA INTERIOR SYSTEMS MANUFACTURING, INC., and SIKAB SHIN<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 3:14-cv-183-TCB<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Young Chang Lee ("Lee") through his counsel, Brian Gene Kim, Leon and Kim, LLC, and files his Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This is an action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, under O.C.G.A. § 9-2-7, under Georgia common law, and in which Plaintiff seeks compensatory and liquidated damages against the Defendant for his failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Young Chang Lee, the named Plaintiff in this action, lives in the Northern District of Georgia.

3.

Defendant Hanil E-HWA Interior Systems Manufacturing, Inc. ("Hanil") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in LaGrange, Georgia.

4.

Hanil E-HWA Interior Systems Manufacturing, Inc. may be served a complaint and summons to its registered agent, Thomas Y, Choi, at 5164 Buford Highway, Doraville, Georgia 30340.

5.

Defendant, Hanil is engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

6.

Hanil E-HWA Interior Systems Manufacturing, Inc. is an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

7.

Defendant Sikab Shin can be served by delivering a copy of the Summons and Complaint to him at 100 Jane Fryer Road, LaGrange, Georgia 30241.

8.

Defendant Shin is an officer of the corporation, was involved in the day-to-day operation, and has substantial operational control over Hanil, including, without limitation, the policies governing individuals employed in the same capacity as the named Plaintiff.

9.

Defendant Shin exerts substantial control over Hanil with regard to factors effecting the Defendants' mandated compliance with the Fair Labor Standard Act.

10.

Defendant Shin has the power to hire and fire employees, including, without

limitation, individuals employed by Hanil in the same capacity as the named Plaintiff.

11.

Defendant Shin controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Hanil in the same capacity as the named Plaintiff.

12.

Defendant Shin determines the rate and method of payment for employees including, without limitation, individuals employed by Hanil in the same capacity as the named Plaintiff.

13.

At all times relevant to this action, Defendant Shin oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Hanil in the same capacity as the named Plaintiff.

14.

Defendants individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the

FLSA, 29 U.S.C. § 201 *et seq.*

15.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

16.

As employers engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

17.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor Standards Act.

**Jurisdiction**

18.

Jurisdiction over this action is conferred on this Court by section 216(b) of

the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. § 1331.

## VENUE

19.

Venue is proper in the Northern District of Georgia in that Defendant Hanil maintains its principal place of business in judicial district.

20.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in this judicial district.

## FACTS

21.

Young Chang Lee is a former employee of Defendants.

22.

From September 2012 to March 2014, Lee was employed by Defendant Hanil in their LaGrange, Georgia manufacturing plant.

23.

While working at Hanil, Lee's paychecks were written on a Hanil accounts.

24.

According to the Secretary of State of Georgia, Defendant Shin is the secretary of Hanil.

25.

Hanil's principal place of business is 100 Jane Fryer Road, LaGrange, Georgia 30241.

26.

Lee's principal duties while working for Defendants were comprised of cleaning the manufacturing area of the plant, maintaining and repairing machinery, changing the oil of the Defendant Shin's car, and watering plants.

27.

Throughout Lee's employment with Defendants, all of his compensation came from a salary paid by Defendants.

28.

While employed by Defendants, Lee consistently worked 72 hours, or more, per week. Lee was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

29.

Lee did not have discretionary authority in his position with the Defendants as "Maintenance Manager."

30.

Defendants deliberately failed to provide Lee with overtime compensation for hours worked in excess of forty in a workweek in 2012, 2013, and 2014.

**CLAIM FOR RELIEF**

**Violation of FAIR LABOR STANDARD ACT (FLSA)**

31.

Lee incorporates the allegations contained in paragraph 1 through 30 of this Complaint as though the same were fully set forth at length herein.

32.

Defendants repeatedly and willfully violated the provisions of Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.* by employing Lee, engaged in commerce or in the production of goods for commerce, for work weeks longer than forty hours without compensating him for his employment in excess of such hours at rates not less than one and one-half times the regular rates at which he was employed.

33.

Lee was regularly compelled to work more than forty hours per week but was not paid overtime compensation as required under the FLSA.

34.

Lee, as a "Maintenance Manager" is not an exempt employee under the FLSA; thus, Defendants were required to pay him overtime compensation for all hours worked each week in excess forty.

35.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

36.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Lee suffered a loss of wages of in an amount to be determined in this action.

37.

Defendants owe Lee overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

38.

Pursuant to Section 216(b) of the Act, Defendants owe Lee, jointly and severally, for reasonable attorney fees.

## GEORGIA STATE LAW CLAIMS

### QUANTUM MERUIT

39.

The Plaintiff adopts, incorporates by reference, and re-allege paragraphs 1 through 38 of this Complaint for Damages as if originally set forth fully herein.

40.

The Plaintiff conferred a valuable benefit upon Defendants by working overtime hours as requested by Defendants.

41.

The Defendants had knowledge of and accepted the benefit conferred by Plaintiff's working overtime hours.

42.

The Defendants implied that he would pay the reasonable value of Plaintiff's services and work but refused and failed to properly compensate him at time and a

half for all overtime hours they worked on Defendants' behalf. Instead, Defendants failed to compensate him for any overtime hours worked.

43.

As a result of Defendants' failure and refusal to pay Plaintiff for his services and work, Plaintiff Lee suffered a loss of wages in an amount to be determined at trial.

44.

It would be unjust for Defendant to retain the benefit of Plaintiffs' overtime work without properly compensating him for all overtime hours he worked on Defendant's behalf.

**UNJUST ENRICHMENT**

45.

The Plaintiff adopts, incorporates by reference, and re-alleges paragraphs 1 through 44 of this Complaint for Damages as if originally set forth fully herein.

46.

There is no valid written contract between Plaintiff and Defendants concerning the terms, conditions and provisions of employment.

47.

The Plaintiff has conferred a benefit upon Defendants that would result in Defendant's unjust enrichment unless Plaintiff is adequately compensated for the number of hours that he worked.

48.

The Defendants have been unjustly enriched in the amount of unpaid overtime compensation that is due and owing to Plaintiff in the amount to be determined at trial.

WHEREFORE, Plaintiff demands relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated section 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Lee against Defendants, jointly and severally, for unpaid overtime compensation together with double damages;

4. Pursuant to Section 216(b) of the Act, judgment in favor of Lee against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Lee against Defendants, jointly and severally, for prejudgment interest;

6. Judgment in favor of Lee against Defendants, jointly and severally, for all taxable and non-taxable costs;

7. Enter Judgment for quantum meruit under O.C.G.A. § 9-2-7 state law claims;

8. Enter Judgment for unjust enrichment under Georgia state law claims;

9. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury trial is available; AND

10. Such other, further and different relief as this Court deems appropriate.

This 14th day of November, 2014.

By: */s/ Brian G. Kim*
Brian G. Kim
Georgia. Bar No. 479330

By: */s/ Homero Leon, Jr.*
Homero Leon, Jr.
Georgia Bar No. 446585

LEON AND KIM, LLC
3006 Clairmont Road
Atlanta, GA 30329
Telephone: 678.302.1956
Facsimile: 404.601.1391
E-Mail: leonandkimllc@gmail.com